UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LETICIA NIEVES,<br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>          Defendant. | No. 3:18-cv-168 (SRU) |

### RULING ON MOTION TO REVERSE DECISION OF THE COMMISSIONER

The plaintiff, Leticia Nieves ("Nieves"), proceeding pro se, filed this action on January 30, 2018, seeking review of a decision of the decision of the Commissioner of Social Security pursuant to the Social Security Act, 42 U.S.C. § 405(g). The Commissioner filed his Answer and the administrative record on May 8, 2018. *See* Doc. No. 13. On September 6, 2018, the Commissioner filed a motion to affirm his final decision that Nieves is not entitled to Disability Insurance Benefits. *See* Doc. No. 21. On November 8, 2018, I ordered Nieves to file her motion to reverse and/or remand the decision of the Commissioner along with a supporting memorandum of law on or before December 7, 2018. *See* Doc. No. 22. Nieves failed to do so, and therefore on December 18, 2018 I dismissed her case without prejudice for failure to prosecute. *See* Doc. No. 23. After dismissal, Nieves filed a one-page letter motion to reverse on January 8, 2019. *See* Doc. No. 24. In that letter, Nieves explained why she believes she is entitled to disability benefits, but failed to set forth any legal argument supporting her motion or to produce any evidence. *See id.*

A court reviewing a Social Security disability determination under 42 U.S.C. § 405(g) "may set aside the Commissioner's decision only if it is based upon legal error or if the factual

findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). Substantial evidence means "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). Evidence need not compel the Commissioner's decision to be substantial; rather substantial evidence is evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Id.; see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). The substantial evidence standard is "a very deferential standard of review . . . [a hearing officer] finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." *Brault v. Social Sec. Admin.*, Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

Applying the "very deferential" standard of review for social security disability cases, I conclude that Nieves' motion to reverse the decision of the Commissioner must be denied. Nieves has not come forward with any argument or evidence that the Commissioner's decision was based on legal error or was not supported by substantial evidence. Therefore, for the reasons set forth in the Commissioner's motion for an order affirming his decision, doc. no. 21, I conclude that the hearing officer's findings were free from legal error and properly supported.

Therefore, with apologies for the delay in issuing this ruling, Nieves' motion to reverse the decision of the Commissioner, doc. no. 24, is **denied.**

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of April 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge